IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

LEXON INSURANCE COMPANY,

                  Plaintiff,

-against-

JAMES C. JUSTICE II,

                  Defendant.

Civil Action No. 3:23-cv-00772

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Barbara D. Holmes

## JOINT PROPOSED PRETRIAL ORDER

Following pretrial proceedings in this case pursuant to the procedure of this Court, IT IS ORDERED:

**I.    Recitation of the Case**

The pleadings are amended to conform to this Pretrial Order. The Pretrial Order, and documents referenced herein, supplant the pleadings.

**II.    Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff Lexon Insurance Company ("Lexon"), a Texas corporation with its principal place of business in Tennessee, and Defendant James C. Justice II ("Defendant"), a citizen of West Virginia. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**III.    Plaintiff's Theory of the Case**

The Court has found that Defendant breached the Guaranty he signed on February 4, 2019 and is liable under Counts I–III of the Complaint. (SJ Order, ECF 68). In the Summary Judgment Order ("SJ Order"), the Court found that Lexon is entitled to $14,250,000 in collateral and, as of

February 4, 2019, $3,538,400.75 in premiums. The issue for trial is the amount of additional damages to award Lexon on Count I for premiums accruing after February 4, 2019, and the amount of pre- and post-judgment interest to award Lexon.[1]

The original agreement signed by Defendant, certain of his companies (the "Obligors"), and Lexon is dated March 26, 2018. The parties amended this agreement on February 4, 2019 (the "Amended Agreement"). The Amended Agreement refers to the premiums owed to Lexon as the "Total Indebtedness," which is the sum of the outstanding premiums due to Lexon as of March 26, 2018 and premiums that accrued between March 26, 2018 and February 4, 2019 ("New Indebtedness"). New Indebtedness also includes premiums accruing after February 4, 2019: the Amended Agreement "recognize[s] that additional amounts for premium may become due during the term of this Agreement and [the parties] hereby agree that the New Indebtedness shall be increased by like amount[.]"

The plain language of the Amended Agreement and evidence of the parties' intent establish that the Amended Agreement, which has no express end date, does not terminate until Obligors have satisfied their obligation to "pay Lexon the sum of Two Hundred Thousand U.S. dollars ($200,000.00) per month until the Total Indebtedness is paid in full[.]" The Guaranty reaffirms this conclusion by recognizing that, under the Amended Agreement, Obligors

> shall pay to [Lexon] in cash or its equivalent the sum of two hundred thousand U.S. dollars ($200,000.00) per month, due and payable commencing on February 28, 2019 and on the last day of each month thereafter, until the Total Indebtedness (including any new premiums becoming due during the term of the Amended [] Agreement) is paid in full[.]

---

[1] Pursuant to the Court's June 24, 2025 Order (ECF 89) granting the parties' Joint Motion Regarding Scope of Issues for Trial (ECF 87), Counts II and III damages will be determined through a post-trial procedure similar to that in LR 54.01 and, therefore, are not at issue here.

Because Obligors have not paid the Total Indebtedness, the Amended Agreement remains in effect and the premiums covered by the Guaranty continue to accrue. Lexon will thus prove that, as of June 30, 2025, the Total Indebtedness equaled $10,389,090.81; meaning $6,295,454.52 has accrued since February 4, 2019. Lexon will also show at trial that it is entitled to a pre- and post-judgment interest rate equal to the West Virginia statutory rate of 7%.

### IV. Defendant's Theory of the Case

The Amended Agreement defines "Total Indebtedness" as "$3,538,400.75," not as the abstract sum of the Remaining Indebtedness and the New Indebtedness. And even if the Amended Agreement did define "Total Indebtedness" as the abstract sum of the "Remaining Indebtedness" and the "New Indebtedness" instead of the specified amount of $3,538,400.75, the Amended Guaranty caps Defendant's liability at the specified amount:

> ***Notwithstanding anything contained herein to the contrary***, the obligations of Guarantor ***shall be limited to*** . . . a total sum equal to (i) twenty million U.S. dollars ($20,000,000.00) plus (ii) the ***amount*** of the ***Total Indebtedness specified*** in the Amended Underlying Agreement. (Emphasis added).

To the extent the term of the Amended Agreement controls, it should be defined to have ended no later than October 1, 2021. The February 4, 2019 Amended Agreement was about building the collateral to $20 million on a schedule that ended April 1, 2021 and paying off $3,538,400.75 in premium indebtedness with a payment plan ($200,000 per month plus the sale of certain equipment) projected to last 18 months at most. The original term of the Amended Agreement should be defined to end on April 1, 2021—the latest date referenced and contemplated in the Amended Agreement. Because the April 1, 2021 deadline was later extended to October 1, 2021, the term should be defined as ending no later than October 1, 2021.

## V. Joint[2] Statement of Issues

1. The term of the Amended Agreement, governing the period of time after February 4, 2019 that unpaid premiums owed to Lexon continue to accrue and become subject to the Amended Agreement.

2. The amount of premiums that have accrued since February 4, 2019 and to which Lexon is entitled to payment from Defendant under the Guaranty.

3. The amount of pre- and post-judgment interest to which Lexon is entitled on the damages award in connection with Count I.[3]

## VI. Relief Sought

1. Lexon seeks the payment of $10,389,090.81 in unpaid premiums due under the Guaranty, which includes the $3,538,400.75 that the Court already found Lexon is entitled to, plus $6,295,454.52 that has accrued since February 4, 2019.

2. Lexon seeks pre- and post-judgment interest on all premiums and collateral owed under the Guaranty.

## VII. Anticipated Evidentiary Disputes

The parties are aware of potential evidentiary disputes. After the parties file their respective exhibit lists on July 28, 2025, the parties will work to narrow or eliminate any such disputes. Any remaining disputes will be filed with the Court no later than July 31, and the parties will be prepared to address any such disputes at the pre-trial conference on August 4, 2025.

## VIII. Estimated Length of Trial

The parties anticipate the trial lasting no more than two business days. (ECF 87.)

---

[2] Defendant would add a fourth issue: The amount of Total Indebtedness that Defendant owes to Lexon under the Guaranty.

[3] Lexon submits that, because the Court already concluded that Lexon is entitled to pre- and post-judgment interest but deferred the determination of the amount until total damages are decided, the amount of pre- and post-judgment interest to award Lexon are issues for trial. (ECF 68 at 22 n.15).

-4-

### IX. Miscellaneous Trial Procedural Questions for the Court

1. Notice requirements for use of demonstratives at trial.

2. The amount of time provided for lunch breaks.

3. The start time and stop time for trial days.

**IT IS SO ORDERED.**

Dated: _____

                                                _____
                                                **JUDGE WAVERLY D. CRENSHAW, JR.**
                                                **U.S. DISTRICT JUDGE**

Approved for entry by:

*/s/ Jason Halper*
Jason Halper
Sara Brauerman
Timbre Shriver
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, New York 10036
212.237.0000
jhalper@velaw.com
sbrauerman@velaw.com
tshriver@velaw.com

W. Brantley Phillips, Jr.
Garrah Carter-Mason
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200
bphillips@bassberry.com
garrah.cartermason@bassberry.com

*Attorneys for Plaintiff Lexon Insurance Company*


*/s/ Peter C. Robison*
Peter C. Robison
**LEWIS THOMASON**
424 Church St.
Suite 2500
Nashville, TN 37219
(615) 259-1366
probison@lewisthomason.com

Raymond S. Franks II
David R. Pogue
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia St E
Charleston, WV 25301
(304) 546-6038
rfranks@cdkrlaw.com
dpogue@cdkrlaw.com

*Attorneys for Defendant James C. Justice II*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 28, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

*/s/ W. Brantley Phillips, Jr.*