IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXON INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>-against-<br><br>JAMES C. JUSTICE II,<br><br>       Defendant. | Civil Action No. 3:23-cv-00772<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

## **PROPOSED JOINT STIPULATED FACTS**

Pursuant to the Court's Order dated July 30, 2025 (ECF 99), Plaintiff Lexon Insurance Company and Defendant James C. Justice II submit the proposed joint stipulated facts.

1. Lexon, James C. Justice Companies, Inc., Southern Coal Corporation, Kentucky Fuel Corporation, Justice Family Group, LLC, and Mechel Bluestone, Inc. (collectively, the "Justice Companies"), Beech Creek Coal Corp. ("Beech Creek," and with the Justice Companies, "Obligors"), and Defendant executed an agreement, dated as of March 26, 2018 (the "Agreement"). (JX 3; ECF 68 at 2.)

2. Defendant executed a Limited Commercial Guaranty (the "Original Guaranty"), dated as of March 26, 2018 "in favor and for the benefit of Lexon Insurance Company." (JX 2; ECF 68 at 2.)

3. Lexon, the Obligors, and Defendant entered into an amendment to the Agreement, dated as of February 4, 2019 (the "Amended Agreement"). (JX 18; ECF 68 at 3.)

4. The Amended Agreement states, "[A]s a condition precedent to any and all obligations of Lexon under this Amend[ed Agreement], Justice II shall execute and deliver the … Guaranty[.]" (JX 18 ¶ 8.)

5. The Amended Agreement states that $1,025,000 in "Remaining Indebtedness" from the original Agreement "remains unpaid." (JX 18, Recitals.) The Amended Agreement then states that "in addition to the Remaining Indebtedness, additional premium of $2,512,400.75 is now due and owing (the 'New Indebtedness'). The Remaining Indebtedness together with the New Indebtedness is equal to $3,438,400.75 (the 'Total Indebtedness')." (*Id.* ¶ 3 at 5.)

6. The Amended Agreement further provides that "additional amounts for premium may become due during the term of this Agreement" and that the "New Indebtedness shall be increased in like amount." (JX 18 ¶ 3(c).)

7. The Court held that "Lexon is entitled to (1) $20 million in collateral payments, less any collateral payments made by the Obligors; plus (2) the Total Indebtedness, which takes into account the New Indebtedness Payment Obligation and any additional premium that became due during the Amended Agreement term." (ECF 68 at 20–21.)

8. The Amended Agreement provides for the Justice Companies to pay Lexon $200,000 per month "until the Total Indebtedness is paid in full (the "Premium Payments")." (JX 18 ¶ 3(b)(i).)

9. The Amended Agreement further provides that "[a]t such time as the Total Indebtedness is paid in full, the [Obligors] shall pay Lexon (i) any additional premium due, or (ii) Two Hundred Thousand U.S. dollars ($200,000.00) per month, whichever is greater." (*Id.* ¶ 3(d).)

10. Defendant executed an Amended & Restated Limited Commercial Guaranty (the "Guaranty"), dated as of February 4, 2019, "in favor and for the benefit of [Lexon] and its affiliates and subsidiaries." (JX 17 at 1; ECF 68 at 3.)

11. The Obligors did not make any Premium Payments under the Amended Agreement after March 2021. (ECF 68 at 5.)

12. Lexon sent Defendant a notice of default dated July 24, 2023 demanding payment of $20 million in outstanding collateral and $6,724,138.66 in then outstanding premium owed under the Guaranty, plus additional premium amounts continuing to accrue; all fees, expenses, and costs incurred by Lexon in enforcing the Guaranty; and interest. (JX 66; ECF 68 at 6.)

13. Defendant has not paid Lexon any amounts pursuant to the Guaranty. (ECF 68 at 13.)

14. The recitals to the Guaranty state that Defendant and the Obligors "have previously entered into one or more General Agreement of Indemnity (individually and collectively, the 'GAI')[.]" (JX 17, Recitals.)

15. The recitals to the Guaranty, in part, state that "[Obligors] shall pay to [Lexon] in cash or its equivalent the sum of two hundred thousand U.S. dollars ($200,000.00) per month, due and payable commencing on February 28, 2019 and on the last day of each month thereafter, until the Total Indebtedness (including any new premiums becoming due during the term of the Amended Underlying Agreement) is paid in full (such obligation of [the Obligors] to pay the unpaid balance of the Total Indebtedness is referred to herein as the 'New Indebtedness Payment Obligation')." (*Id.*, Recitals (ii).)

16. The Guaranty states that if any Obligor "shall fail to pay any amounts due under any GAI immediately when due as provided in any GAI, [Defendant] shall, within ten (10) business

3

days of [his] receipt of [Lexon]'s written demand therefor, pay to [Lexon] the entire amount of the amount remaining unpaid[.]" (*Id.* ¶ 1(c).)

17. The Guaranty states that "[n]otwithstanding anything contained herein to the contrary, the obligations of Guarantor shall be limited to a total sum equal to (i) fifteen million U.S. dollars ($15,000,000.00) plus (ii) the amount of the Total Indebtedness specified in the Amended Underlying Agreement; (ii) *provided that*, in the event of any default by Collateral Obligor and/or Indebtedness Obligor with respect to the New Collateral Replenishment Obligation or the New Indebtedness Payment Obligation, including without limitation any failure to timely pay any payment due under either such Obligation, the obligations of Guarantor shall instead be limited to a total sum equal to (i) twenty million U.S. dollars ($20,000,000.00) plus (ii) the amount of the Total Indebtedness specified in the Amended Underlying Agreement." (*Id.* ¶ 5(e).)

18. Obligors made $4,210,000.00 in Premium Payments after February 4, 2019.

19. Obligors and Lexon negotiated the terms of the Agreement, the Amended Agreement, and the Guaranty.

20. Lexon drafted the Agreement, the Amended Agreement, and the Guaranty, and Obligors, Defendant, and their counsel had the opportunity to review, and propose revisions to, the terms of each of the Agreement, the Amended Agreement, and the Guaranty before signing.

4

Dated: August 11, 2025

By: */s/ W. Brantley Phillips, Jr.*
W. Brantley Phillips, Jr.
Garrah Carter-Mason
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200
bphillips@bassberry.com
garrah.cartermason@bassberry.com

Jason Halper
Sara Brauerman
Timbre Shriver
VINSON & ELKINS LLP
1114 Avenue of the Americas
New York, New York 10036
212.237.0000
jhalper@velaw.com
sbrauerman@velaw.com
tshriver@velaw.com

*Attorneys for Plaintiff*

By: */s/ Peter C. Robison*
Peter C. Robison (No. 27498)
LEWIS THOMASON, P.C.
427 Church Street, Suite 2500
Nashville, TN 37219
(615) 259-1366
pcrobison@lewisthomason.com

David R. Pogue
Raymond S. Franks II
CAREY DOUGLAS KESSLER &
RUBY PLLC
707 Virginia Street E.
Suite 901
Charleston, WV 25301
(304) 345-1234
dpogue@cdkrlaw.com
rfranks@cdkrlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on August 11, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

                  */s/ W. Brantley Phillips, Jr.*