# AGREEMENT

**THIS AGREEMENT** is made and entered into as of the 26th day of March, 2018 (the "Effective Date") by and between James C. Justice Companies, Inc., Southern Coal Corporation, Kentucky Fuel Corporation, Justice Family Group, LLC and Mechel Bluestone, Inc. (collectively the "Collateral Justice Companies"), Beech Creek Coal Corp. ("Beech Creek"), James C. Justice, II ("Justice II") and Lexon Insurance Company ("Lexon").

**WHEREAS**, Lexon and/or its affiliates have previously executed bonds ("Bonds") on behalf of the Collateral Justice Companies and/or their operating affiliates including, but not limited to, Kentucky Fuel Corporation, Tams Management, Inc., Justice Low Seam Mining, Inc., A&G Coal Corporation, Virginia Fuel Corporation, Premium Coal Company Inc., Sequoia Energy, LLC, Infinity Energy, LLC, Four Star Resources, LLC and Alabama Carbon, LLC as Principal (the "Principals") and various governmental agencies as obligees, and

**WHEREAS**, the Collateral Justice Companies have previously posted collateral with Lexon in the form and amounts set forth on **Exhibit A** attached hereto and made a part hereof as if set forth in full (the "Collateral"). The Collateral is held as security to indemnify Lexon from any loss, cost or expense it may incur as the result of executing the aforesaid Bonds, and

**WHEREAS**, the Collateral Justice Companies and/or the Principals currently owe premium to Lexon in the amount of THREE MILLION DOLLARS, ($3,000,000.00), (the "Indebtedness"), and

**WHEREAS**, the parties have reached an agreement concerning the release of the Collateral to the Collateral Justice Companies and the Collateral Justice Companies' subsequent replenishment of the Collateral; and have further reached agreement on payment of the amount owed for premium, all as more specifically set forth below.

Defendant's Exhibit 1

276257 3341328v2
Error! Unknown document property name.

**NOW, THEREFORE,** for and in consideration of the terms and conditions set forth below and other valuable consideration herein acknowledged as received, the parties agree as follows.

1) Immediately upon execution of this Agreement, Lexon shall diligently pursue the liquidation/release of the Collateral and deliver the Collateral to the respective Collateral Justice Companies.

2) In substitution for the Collateral released, the Collateral Justice Companies agree to post new collateral with value of $5,000,000.00 by providing Lexon with an Irrevocable Letter of Credit ("ILOC"), in the form attached hereto as **Exhibit B,** or such other form of collateral acceptable in all respects including, without limitation, type, form, and valuation, to Lexon in its sole discretion (the "New Collateral"). The New Collateral shall be delivered to Lexon no later than the six-month anniversary of the Effective Date of this Agreement. If the Collateral Justice Companies fail to provide New Collateral with value of $5,000,000 and acceptable to Lexon by close of business on the six-month anniversary of the Effective Date of this Agreement, the Collateral Justice Companies shall immediately, without notice or demand from Lexon, pay to Lexon in cash or its equivalent the amount of $5,000,000 less the value, as agreed by Lexon, of any New Collateral provided prior to such deadline that is acceptable to Lexon (said amount being the "New Collateral Shortfall"), which amount shall be held by Lexon as New Collateral. The above obligations of the Collateral Justice Companies are joint and several. As further set forth below, the obligations to provide the New Collateral and pay the New Collateral Shortfall will be personally guaranteed by Justice II.

3) Beech Creek is the current owner of the equipment/machinery ("Equipment") set forth on **Exhibit C,** attached hereto and made a part hereof as if set forth in full. Beech Creek hereby warrants and represents that it has good and marketable title to the Equipment, free and

2

clear of all liens and encumbrances. Beech Creek further represents that the Equipment's approximate value is equal to the amount of the Indebtedness. As detailed below, Beech Creek agrees to sell the Equipment with the proceeds to be used to reduce the Indebtedness, as detailed below:

a) Upon execution of this Agreement by all parties, Beech Creek shall transfer title/ownership of the Equipment to Lexon by a duly executed Bill of Sale and Assignment in the form of the attached **Exhibit D**. Beech Creek and each of the Collateral Justice Companies hereby irrevocably authorize Lexon to prepare, execute, deliver, and/or file financing statements or other instruments to reflect Lexon's ownership of the Equipment and/or its bailment of the Equipment to Beech Creek.

b) Despite the transfer of ownership to Lexon, Beech Creek shall continue to provide insurance coverage for the Equipment and the applicable policies shall name Lexon as an additional insured.

c) Prior to or at the time of execution of this Agreement, Beech Creek shall begin marketing the Equipment for sale. The terms of all sales (including price) shall be subject to Lexon's approval. At the time of any sale, Lexon shall transfer ownership of the sold Equipment to the Purchaser and the entire sale proceeds shall be given to Lexon. Beech Creek shall bear any and all costs of sale.

d) In the event the Indebtedness is not paid in full within two (2) months of the Effective Date, either through the sale of the Equipment or otherwise, then and in such event, the Collateral Justice Companies agree to pay the balance owed Lexon within five (5) business days in cash or its equivalent. Payment of any

3

276257 3341328v2
Error! Unknown document property name.

balance owed shall be personally guaranteed by Justice II as further detailed below.

e) In the event the proceeds from sale of the Equipment exceed the amount required to fully satisfy the Indebtedness, Lexon shall hold the excess as a credit to be applied toward future obligations of the Collateral Justice Companies with respect to the Bonds, whether premiums or otherwise.

4) Contemporaneously with execution of this Agreement, and as a condition precedent to any and all obligations of Lexon under this Agreement, Justice II shall execute and deliver a Guaranty in the form of the attached **Exhibit** E.

    a. Prior to Justice II transferring to any one or more trusts under which any Justice Party (as such term is defined below) is a beneficiary, whether primary or contingent, any assets with a collective value in excess of $1,000,000, Justice II shall: (i) advise Lexon of the contemplated transfer; (ii) execute, in his capacity as grantor of such trust, a Guaranty substantially in the form of that attached as **Exhibit E** but appropriately revised to reflect the trust as guarantor and the other parties and in all respects acceptable to Lexon (a "Trust Guaranty"); (iii) execute, in his capacity as beneficiary of such trust, if such is the case, and require all other beneficiaries of such trust, whether primary or contingent, to execute in such capacities the Trust Guaranty; (iv) require the trustee or co-trustees of such trust to execute the Trust Guaranty; and (v) deliver the fully executed Trust Guaranty to Lexon. For purposes of this paragraph, the term "Justice Party" means Justice II, any relative of Justice II, whether by blood or affinity, or any entity wholly or partly owned, directly or indirectly, by

4

Justice II or any other Justice Party. Any transfer made in violation to this paragraph shall be void *ab initio*.

5) Governing Law. It is understood and agreed that this Agreement shall be governed by, construed and enforced in accordance with, and subject to the laws of the State of West Virginia without giving effect to any choice or conflict of law provision or rule.

6) Jurisdiction. EACH OF THE PARTIES, TO THE FULLEST EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL: (A) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF TENNESSEE WITH RESPECT TO ANY SUIT, ACTION, OR PROCEEDING BY ANY PERSON ARISING FROM, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT; (B) AGREES THAT ANY SUCH SUIT, ACTION, OR PROCEEDING MAY BE BROUGHT EXCLUSIVELY IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN WILSON COUNTY, TENNESSEE; AND (C) SUBMITS TO THE JURISDICTION OF SUCH COURTS.

7) Execution. It is understood and agreed that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes. Additionally, the Parties agree that the execution of this Agreement by facsimile or scanned electronic mail is as valid and binding as the original.

8) No Waiver. No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all Parties to this Agreement.

9) Partial Invalidity. If any provision of the Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall

nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

10) <u>Representations and Warranties</u>. Each signatory hereto warrants and represents that they have authority to bind the parties for whom the signatory acts and that the claims, suits, rights, and/or interests which are the subject matter hereto are owned by the Party asserting same, have not been conveyed, assigned, transferred or sold, in whole or in part, and are free of encumbrance; that there are no pending judicial, administrative or other proceedings which would preclude entry into this Agreement and that they have carefully read and fully understand the terms of this Agreement, including the releases and obligations contained herein; and that they enter into this Agreement voluntarily. The representations and warranties contained herein shall survive the execution and closing on this Agreement.

11) <u>Successors and Assigns</u>. This Agreement will be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns. Each of the Parties warrants that they have not transferred the respective claims being settled in this Agreement nor any interest therein.

12) <u>Integration and Merger</u>. The Parties have previously entered into various agreements including but not limited to a Collateral Trust Agreement and a General Agreement of Indemnity. Those agreements, as well as any other agreements entered into between the Parties shall continue in full force and effect, and nothing contained herein shall be interpreted or deemed to limit the applicability or enforceability of any such agreements.

13) <u>Additional Acts</u>. Each Party, acting in good faith, shall execute and deliver those documents and do such other acts and things as may reasonably be requested by any Party to this Agreement to ensure that the benefits of this Agreement are realized by the Parties.

6

276257 3341328v2
Error! Unknown document property name.

Case 2:23-cv-00272 Document 105-3   Filed 07/28/23   Page 7 of 15 PageID #: 5486

*(Signatures on Following Page)*

7

276257 3341328v2
Error! Unknown document property name.

**LEXON INSURANCE COMPANY**

By: *[signature]*
Print Name: David E Campbell
Title: C.E.O.

**JAMES C. JUSTICE COMPANIES, INC.**

By: *[signature]*
Print Name: James C. Justice III
Title: President

**SOUTHERN COAL CORPORATION**

By: *[signature]*
Print Name: James C. Justice III
Title: President

*[signature]*
JAMES C. JUSTICE, II

**KENTUCKY FUEL CORPORATION**

By: *[signature]*
Print Name: James C. Justice III
Title: President

**JUSTICE FAMILY GROUP, LLC**

By: *[signature]*
Print Name: James C. Justice III
Title: Member

**MECHEL BLUESTONE, INC.**

By: *[signature]*
Print Name: James C. Justice III
Title: President

**BEECH CREEK COAL CORP.**

By: *[signature]*
Print Name: James C. Justice III
Title: President

8

276257 3341328v2
Error! Unknown document property name.

Case 2:23-cv-00272 Document 105-3   Filed 07/28/23   Page 9 of 14 PageID #: 5688

EXHIBIT A

| AMOUNT | NAME LISTED UNDER | PRINCIPAL # | HELD |
|---|---|---|---|
| $-- | James C. Justice Companies, Inc. | 36434 | BNY Brokerage |
| $970,760.00 | James C. Justice Companies, Inc. | 49006 | CD Assignment |
| $904,679.00 | James C. Justice Companies, Inc. | 49006 | CD Assignment |
| $1,908,965.00 | Kentucky Fuel Corporation | 49006 | CD Assignment |
| $500,000.00 | Justice Family Group, LLC | 49006 | Letter of Credit |
| $141,510.47 | Mechel Bluestone, Inc. | 118022 | BNY Brokerage |

# EXHIBIT B

DATE:

IRREVOCABLE STANDBY LETTER OF CREDIT NUMBER: _____

                                                ISSUING BANK

BENEFICIARY                         APPLICANT
LEXON INSURANCE COMPANY
12890 LEBANON ROAD, ATTN: D. BOCK
MT JULIET, TN 37122

    AMOUNT
NOT EXCEEDING USD $5,000,000.00
NOT EXCEEDING FIVE MILLION 00/100'S US DOLLARS

    EXPIRATION
SEPTEMBER _____

WE HEREBY ESTABLISH OUR IRREVOCABLE LETTER OF CREDIT IN YOUR FAVOR AND AUTHORIZE YOU TO DRAW ON US UP TO THE AGGREGATE AMOUNT OF FIVE MILLION 00/100'S US DOLLARS ($5,000,000.00), AND WE ENGAGE WITH YOU THAT ALL DRAFTS DRAWN UNDER AND IN COMPLIANCE WITH THE TERMS OF THIS CREDIT WILL BE DULY HONORED BY US IF PRESENTED AT THIS OFFICE ON OR BEFORE _____ OR ANY EXTENDED DATE PROVIDED:

1. THIS LETTER OF CREDIT SHALL BE AUTOMATICALLY EXTENDED WITHOUT AMENDMENT FOR ADDITIONAL PERIODS OF ONE (1) YEAR FROM THE PRESENT OR EACH FUTURE EXPIRATION DATE, UNLESS WE HAVE NOTIFIED YOU IN WRITING, NOT LESS THAN SIXTY (60) DAYS BEFORE SUCH DATE, WE ELECT NOT TO EXTEND THIS LETTER OF CREDIT. OUR NOTICE OF SUCH ELECTION SHALL BE SENT BY REGISTERED MAIL OR OVERNIGHT COURIER SERVICE TO THE ABOVE ADDRESS, ATTENTION "BOND DEPARTMENT".

2. ANY DRAFT(S) DRAWN BY YOU UNDER THIS LETTER OF CREDIT SHALL BE ACCOMPANIED BY YOUR WRITTEN CERTIFICATION THAT YOU, AS SURETY, HAVE EXECUTED OR PROCURED THE EXECUTION OF BOND(S), UNDERTAKING(S), AGREEMENT(S) OF INDEMNITY, OR OTHER INSTRUMENT(S) OF SURETYSHIP ON BEHALF OF JAMES C. JUSTICE COMPANIES AND/OR ITS SUBSIDIARIES AND AFFILIATES, INCLUDING THOSE COMPANIES WHICH ARE NAMED IN AN

AGREEMENT DATED MARCH 26, 2018 AND THAT EITHER OF THE FOLLOWING ALTERNATIVES EXISTS: (A) CLAIM(S) HAVE BEEN OR MAY BE MADE THEREUNDER AND THAT IN YOUR SOLE JUDGMENT AS SURETY THE FUNDS REPRESENTED BY YOUR DRAFT(S) ARE REQUIRED FOR YOUR PROTECTION AND FOR THE PROTECTION OF YOUR COSURETY(IES) AND REINSURER(S) IF ANY; (B) OUR NOTICE OF ELECTION NOT TO RENEW HAS BEEN RECEIVED AND THAT YOU HAVE NOT BEEN RELEASED FROM LIABILITY UNDER THE BOND(S), UNDERTAKING(S), AGREEMENT(S), OR INTRUMENTS AFORESAID AND THE PROCEEDS OF YOUR DRAFT(S) WILL BE HELD BY YOU AS COLLATERAL AGAINST LOSS, COST OR EXPENSE THEREUNDER.

3. WE HEREBY REPRESENT AND AFFIRM THAT THE EXECUTION OF THIS LETTER OF CREDIT WILL NOT CONSTITUTE A VIOLATION OF ANY LAW OR REGULATION WHICH MAY LIMIT THE AMOUNT OF CREDIT WHICH CAN BE EXTENDED BY THIS BANK TO ANY SINGLE BORROWER OR CUSTOMER.

4. YOUR ACCEPTANCE OF THIS CREDIT WILL CONSTITUTE YOUR AGREEMENT TO REPAY TO US FUNDS PAID TO YOU HEREUNDER TO THE EXTENT THAT SUCH FUNDS EXCEED THE TOTAL OF YOUR LOSS, COST AND EXPENSE (INCLUDING UNPAID PREMIUM(S) UNDER THE MENTIONED BOND(S), UNDERTAKING(S), AGREEMENT(S), OR INSTRUMENT(S).

EXCEPT AS OTHERWISE EXPRESSLY STATED HEREIN, THIS CREDIT IS ISSUED SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS (2007 REVSION) INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NO. 600.

IF YOU REQUIRE ANY ASSISTANCE OR HAVE ANY QUESTIONS REGARDING THIS TRANSACTION, PLEASE CALL 800-370-7519 OPT 1.

AUTHORIZED SIGNATURE
    THIS DOCUMENT CONSISTS OF 2 PAGE(S)

# EXHIBIT C

## EQUIPMENT LIST

| | | | |
|---|---|---|---|
| CAT | 785B | 6HK00493 | $225,000.00 |
| CAT | 777D | AGC01886 | $160,000.00 |
| O&K | RH200 | 200096 | $1,120,000.00 |
| Komatsu | 730E | A30535 | $880,000.00 |
| Komatsu | 730E | A30536 | $840,000.00 |

276257 3342533v1
3/21/2018 3:33 pm

## EXHIBIT D

## BILL OF SALE AND ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS, THAT:

Pursuant to that certain AGREEMENT dated the 26th day of March, 2018, by and between James C. Justice Companies, Inc., Southern Coal Corporation, Kentucky Fuel Corporation, Justice Family Group, LLC and Mechel Bluestone, Inc. (referred to therein, collectively, as the "Collateral Justice Companies"), Beech Creek Coal Corp. (referred to therein and herein as "Beech Creek"), James C. Justice, II (referred to therein as "Justice II") and Lexon Insurance Company (referred to therein and herein as "Lexon"), and for and in consideration of the Indebtedness owed to Lexon referenced and defined therein, and other good and valuable consideration, the receipt and sufficiency of all of which is acknowledged, Beech Creek does hereby grant, bargain, sell, convey, deliver, carry, transfer, setover, and assign (or cause to be granted, bargained, sold, conveyed, delivered, carried, transferred, setover, and assigned) to Lexon the equipment listed below, and all Beech Creek's right, title, and interest therein and thereto (collectively, the "Assets"):

| Manufacturer | Model No. | Description | Serial No. |
|---|---|---|---|
| Caterpillar | 785B | Rock Truck | 6HK00493 |
| Caterpillar | 777D | Rock Truck | AGC01886 |
| O&K | RH200 | Hyd. Excavator | 200096 |
| Komatsu | 730E | Rock Truck | A30535 |
| Komatsu | 730E | Rock Truck | A30536 |

Beech Creek constitutes and appoints Lexon, and its successors and assigns, the true and lawful attorney-in-fact of Beech Creek with full power of substitution, having full right and authority in the name of Beech Creek to: (1) collect or enforce for the account of Lexon all liabilities and obligations of third parties in respect to the Assets; (2) institute and prosecute all proceedings that Lexon may deem proper in order to collect, assert, or enforce any claim, right, or title of any kind in or to the Assets; (3) defend and compromise any and all actions, suits, or proceedings in respect of any of the Assets; (4) do all such acts and things in relation to the Assets

9

that Lexon may deem advisable; and (5) make any claim under any policy of insurance in respect of any of the Assets. Beech Creek agrees that the above-stated powers are coupled with an interest and shall be irrevocable by Beech Creek in any manner or for any reason.

The Assets are transferred without any warranty whatsoever, express or implied, except that Beech Creek Seller warrants to Lexon that: (1) Beech Creek has good and marketable title to the Assets; (2) the Assets are free from all claims, liens, restrictions on alienability, and encumbrances; (3) Beech Creek has full right and authority to grant, bargain, sell, convey, deliver, carry, transfer, setover, and assign the Assets; and (4) Beech Creek will warrant and defend the title of such property against the claims and demands of all persons.

IN WITNESS WHEREOF, Beech Creek has executed, or caused to be executed, this Bill of Sale and Assignment, intending it effective on the 26th day of March, 2018.

BEECH CREEK COAL CORP.

By: _____

Print Name: James C. Justice III

Title: President

10

276257 3341328v2
Error! Unknown document property name.