
Defendant's Exhibit 4

# AMENDED & RESTATED LIMITED COMMERCIAL GUARANTY

This AMENDED & RESTATED LIMITED COMMERCIAL GUARANTY (this "Guaranty"), dated as of February 4, 2019, is made by JAMES C. JUSTICE II, an individual ("Guarantor"), in favor and for the benefit of LEXON INSURANCE COMPANY and its affiliates and subsidiaries (" Beneficiary").

WHEREAS, the Guarantor entered into a Limited Commercial Guaranty dated March 26, 2018 (the Original Guaranty");

WHEREAS, the Guarantor now wishes to amend and restate the terms of the Original Guaranty on the terms and conditions as set forth herein;

WHEREAS, James C. Justice Companies, Inc., Southern Coal Corporation, Kentucky Fuel Corporation, Justice Family Group, LLC and Mechel Bluestone, Inc., (collectively referred to herein as "Collateral Obligor"), Beech Creek Coal Corp. (referred to herein as "Indebtedness Obligor"), Guarantor and Beneficiary have entered into that certain Agreement, dated as of March 26, 2018, as amended by that certain Amendment No. 1, dated as of February 4, 2019 (as further amended, amended and restated, supplemented or otherwise modified from time to time in accordance with its provisions, the "Amended Underlying Agreement"), whereby, among other things:

(i) In substitution for Collateral (as defined in the Amended Underlying Agreement) previously released by Beneficiary, Collateral Obligor and Indebtedness Obligor shall provide to Beneficiary New Collateral (as defined in the above-referenced Amendment No. 1) in the total sum of twenty million U.S. dollars ($20,000,000.00) by means of: (i) partial payments of two hundred fifty thousand U.S. dollars ($250,000.00) per month, due and payable commencing on February 28, 2019 and on the last day of each month thereafter; (ii) upon the closing of the Liquidity Event (as defined in the above-referenced Amendment No. 1), a payment on the day of closing in the amount of twenty million U.S. dollars ($20,000,000.00) less any partial payments previously received under item (i); and (iii) to the extent the New Collateral has not been delivered to Lexon, such Additional Collateral Payments (as defined in the above-referenced Amendment No. 1)necessary to bring the total amount of the New Collateral to twenty million U.S. dollars ($20,000,000.00) (such obligations of Collateral Obligor and Indebtedness Obligor are referred to herein collectively as the "New Collateral Replenishment Obligation"); and

(ii) Indebtedness Obligor transferred title to certain Equipment (as defined in the Amended Underlying Agreement) to Beneficiary, Indebtedness Obligor has marketed and will continue to market the Equipment for sale with all proceeds of sale to be paid to Beneficiary to be applied to the Total Indebtedness (as defined in the above-referenced Amendment No. 1) due Beneficiary, and Collateral Obligor and Indebtedness Obligor shall pay to Beneficiary in cash or its equivalent the sum of two hundred thousand U.S. dollars ($200,000.00) per month, due and payable commencing on February 28, 2019 and on the last day of each month thereafter, until the Total Indebtedness (including any new premiums becoming due during the term of the Amended Underlying Agreement) is paid in full (such obligation of Collateral Obligor and Indebtedness Obligor to pay the unpaid

1

balance of the Total Indebtedness is referred to herein as the "New Indebtedness Payment Obligation").

WHEREAS, Guarantor is the majority owner of Obligor and acknowledges that he will derive substantial direct and indirect financial and other benefits from the transactions contemplated by the Amended Underlying Agreement;

WHEREAS, Collateral Obligors, the Guarantor and the Indebtedness Obligor, including their affiliates and subsidiaries, have previously entered into one or more General Agreement of Indemnity (individually and collectively, the "GAI") relating to certain bonds (the "Justice Bonds"), including, but not limited to the listing of the Justice Bonds attached here to as Exhibit A; and

WHEREAS, it is a condition precedent to the obligations of Beneficiary under the Amended Underlying Agreement that Guarantor shall have executed and delivered this Guaranty, and Guarantor understands and acknowledges that Beneficiary has agreed to enter the Amended Underlying Agreement in reliance upon this Guaranty.

NOW, THEREFORE, in consideration of the promises contained herein and in order to induce Beneficiary to enter into the Amended Underlying Agreement, Guarantor hereby agrees as follows:

1. Guaranty. Guarantor hereby absolutely, unconditionally and irrevocably guarantees to Beneficiary, and its successors and assigns, as primary obligor and not merely as surety, the full and punctual payment and performance of each of the New Collateral Replenishment Obligation and the New Indebtedness Payment Obligation (collectively, the "Obligations"), plus all costs, expenses and fees (including the reasonable fees and expenses of Beneficiary's counsel) in any way relating to the enforcement or protection of Beneficiary's rights hereunder. Without limitation of the foregoing:

(a) In case Collateral Obligor and Indebtedness Obligor shall fail to pay all or any part of the New Collateral Replenishment Obligation to Beneficiary immediately when due as provided in the Amended Underlying Agreement, Guarantor shall, within three (3) business days of Guarantor's receipt of Beneficiary's written demand therefor, pay to Beneficiary the entire amount of the New Collateral Replenishment Obligation unpaid by Collateral Obligor and Indebtedness Obligor, in like manner as if such amount constituted the direct and primary obligation of Guarantor. Beneficiary shall not be required, prior to any such demand upon or payment by Guarantor, to make any demand upon or to pursue or exhaust any of its rights or remedies against Collateral Obligor, Indebtedness Obligor, or any other guarantors with respect to the payment or performance of the New Collateral Replenishment Obligation;

(b) In case Collateral Obligor and Indebtedness Obligor shall fail to pay all or any part of the New Indebtedness Payment Obligation to Beneficiary immediately when due as provided in the Amended Underlying Agreement, Guarantor shall, within three (3) business days of Guarantor's receipt of Beneficiary's written demand therefor, pay to Beneficiary the entire amount of the New Indebtedness Payment Obligation unpaid by Collateral Obligor and Indebtedness Obligor, in like manner as if such amount constituted the direct and primary obligation of Guarantor. Beneficiary shall not be required, prior to any such demand upon or

payment by Guarantor, to make any demand upon or to pursue or exhaust any of its rights or remedies against Collateral Obligor, Indebtedness Obligor, or any other guarantors with respect to the payment or performance of the New Indebtedness Payment Obligation; and

(c) In the event that any Collateral Obligor, Guarantor and/or Indebtedness Obligor, including their affiliates and subsidiaries, shall fail to pay any amounts due under any GAI immediately when due as provided in any GAI, Guarantor shall, within ten (10) business days of Guarantor's receipt of Beneficiary's written demand therefor, pay to Beneficiary the entire amount of the amount remaining unpaid by Collateral Obligor, Guarantor and/or Indebtedness Obligor, including their affiliates and subsidiaries, in like manner as if such amount constituted the direct and primary obligation of Guarantor. Beneficiary shall not be required, prior to any such demand upon or payment by Guarantor, to make any demand upon or to pursue or exhaust any of its rights or remedies against any third party with respect to the payment or performance of the obligations set forth within any GAI.

2. <u>Indemnification</u>. The Guarantor shall, upon demand from the Beneficiary, promptly indemnify, exonerate, reimburse and hold the Beneficiary harmless from and against any and all liability, damage, cost and expense of whatsoever kind or nature (cumulatively, "Loss") and pay the Beneficiary for any Loss sustained or incurred (i) in connection with or arising out of any of the Beneficiary's obligations under the Amended Underlying Agreement or any GAI, (ii) by reason of the failure of the Guarantor to perform or comply with the covenants and conditions of this Guaranty, and (iii) enforcing any of the covenants and conditions of this Agreement. An itemized statement of Loss by the Beneficiary, sworn to by an officer of the Beneficiary, shall be prima facie evidence of the fact and amount of the liability of the Guarantor to the Beneficiary. The Beneficiary shall be entitled to receive interest at the rate of six percent per annum from the date of its payment of each Loss.

3. <u>Guaranty Absolute and Unconditional</u>. Guarantor agrees that his obligations under this Guaranty are irrevocable, continuing, absolute and unconditional and shall not be discharged or impaired or otherwise affected by, and Guarantor hereby irrevocably waives any defenses to enforcement he may have (now or in the future) or rights of recourse against Beneficiary by reason of (i) any change in the time, place or manner of payment or performance of, or in any other term of any or all of the Obligations, or any rescission, waiver, release, assignment, amendment or other modification of the Amended Underlying Agreement, (ii) any delay or failure of or forbearance by Beneficiary in asserting any claim or demand or in exercising or enforcing any right or remedy, whether by action, inaction or omission, under the Amended Underlying Agreement, any GAI or otherwise, or (iii) any action Beneficiary may take or omit to take under the powers set forth below. Beneficiary may deal with Collateral Obligor and/or Indebtedness Obligor in the same manner as if this Guaranty did not exist without affecting or impairing Guarantor's obligations under this Guaranty.

4. <u>Powers of Beneficiary</u>. Guarantor hereby grants Beneficiary full power, in its uncontrolled discretion and without notice to Guarantor, and subject to the provisions of any agreement between any party and Beneficiary at the time in force, to deal in any manner with any or all of the Obligations including, without limitation, the following powers:

(a) To modify or otherwise change any terms of all or any part of the Obligations, to grant any extension or renewal thereof and any other indulgence with respect thereto and to effect any release, compromise or settlement with respect thereto;

(b) To enter into any agreement of forbearance with respect to any or all of the Obligations and to change the terms of any such agreement; or

(c) To consent to the substitution, exchange, surrender or release of all or any part of any New Collateral received by Beneficiary under the Amended Underlying Agreement, whether or not collateral, if any, received by Beneficiary upon any such substitution, exchange, surrender or release shall be of the same or of a different character or value than the New Collateral surrendered by Beneficiary.

5. <u>Certain Waivers; Acknowledgments</u>. Guarantor further acknowledges and agrees as follows:

(a) Guarantor hereby unconditionally and irrevocably waives any right to revoke this Guaranty and acknowledges that this Guaranty is continuing in nature and applies until the complete, irrevocable and indefeasible payment and satisfaction in full of all of the Obligations.

(b) Except with respect to the written demand specified under Subsections 1(a) and 1(b) of this Guaranty, Guarantor waives any right to require Beneficiary to make or give any presentment, protest, demand, or notice of any kind, including notice of any nonpayment or nonperformance of any or all of the Obligations, or notice of any action or nonaction on the part of Collateral Obligor, Indebtedness Obligor, Beneficiary, or other person in connection with the Obligations.

(c) This Guaranty is a guarantee of payment and performance and not of collection. Beneficiary shall not be obligated to enforce or exhaust its remedies against Collateral Obligor and/or Indebtedness Obligor or under the Amended Underlying Agreement before proceeding to enforce this Guaranty.

(d) This Guaranty is a direct guaranty and independent of the Obligations. Beneficiary may resort to Guarantor for payment and performance of the Obligations whether or not Beneficiary shall have resorted to any collateral therefor or shall have proceeded against Collateral Obligor and/or Indebtedness Obligor or any other guarantors with respect to the Obligations. Beneficiary may, at Beneficiary's option, proceed against Guarantor and Collateral Obligor and/or Indebtedness Obligor, jointly and severally, or against Guarantor only without having obtained a judgment against Collateral Obligor and/or Indebtedness Obligor.

(e) Notwithstanding anything contained herein to the contrary, the obligations of Guarantor shall be limited to a total sum equal to (i) fifteen million U.S. dollars ($15,000,000.00) plus (ii) the amount of the Total Indebtedness specified in the Amended Underlying Agreement; (ii) *provided that*, in the event of any default by Collateral Obligor and/or Indebtedness Obligor with respect to the New Collateral Replenishment Obligation or the New Indebtedness Payment Obligation, including without limitation any failure to timely pay any payment due under either such Obligation, the obligations of Guarantor shall instead be

4

limited to a total sum equal to (i) twenty million U.S. dollars ($20,000,000.00) plus (ii) the amount of the Total Indebtedness specified in the Amended Underlying Agreement.

(f) Guarantor agrees that his guaranty hereunder shall continue to be effective or be reinstated, as the case may be, if at any time all or part of any Obligor Transfer (as defined below) made in satisfaction of any of the Obligations is voided, rescinded or recovered or must otherwise be returned by Beneficiary upon the insolvency, bankruptcy or reorganization of Collateral Obligor and/or Indebtedness Obligor, all as though such Obligor Transfer has not been made. For purposes of this paragraph, "Obligor Transfer" means any pledge, delivery or other provision of New Collateral to Beneficiary under the New Collateral Replenishment Obligation and any payment under the Indebtedness Payment Obligation.

(g) Guarantor shall have no right of subrogation whatsoever with respect to any of the Obligations unless and until Beneficiary shall have received complete, irrevocable and indefeasible payment and satisfaction in full of all of the Obligations.

(h) No waiver, modification, extension, forbearance or delay on the part of Beneficiary with respect to any Obligation or collateral and no act or thing which might, but for this provision of this Guaranty, be deemed as a legal or equitable discharge of a surety, shall operate to release the obligations of Guarantor under this Guaranty, and no delay on the part of Beneficiary in exercising any of its options, powers or rights hereunder, or a partial or single exercise thereof, shall constitute a waiver of any other rights of Beneficiary under this Guaranty.

6. Representations and Warranties. To induce Beneficiary to enter into the Amended Underlying Agreement, Guarantor represents and warrants that: (a) Guarantor has full legal capacity to execute, deliver and perform this Guaranty and to perform all of his obligations hereunder; (b) this Guaranty constitutes Guarantor's valid and legally binding agreement in accordance with its terms; (c) the execution, delivery and performance of this Guaranty does not contravene or cause a default under any order, judgment, decree or requirement of law binding on or affecting Guarantor or any of his assets; (d) Guarantor is currently solvent and will not be rendered insolvent by providing this Guaranty; and (e) Guarantor has received and reviewed the Amended Underlying Agreement.

7. Notices. All notices, requests, consents, demands and other communications hereunder (each, a "Notice") shall be in writing and delivered to the parties at the addresses designated by the receiving party in writing (as set forth on the signature page hereto). All Notices shall be delivered by personal delivery, nationally recognized overnight courier, facsimile, email or certified or registered mail (return receipt requested, postage prepaid). Except as otherwise provided in this Guaranty, a Notice is effective only (a) with written confirmation of delivery or transmission; (b) upon receipt of the receiving party, and (c) if the party giving the Notice has complied with the requirements of this section.

8. Assignment. This Guaranty shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; provided, however, that Guarantor may not, without the prior written consent of Beneficiary, assign any of his rights, powers or obligations hereunder. Beneficiary may assign this Guaranty and its rights hereunder without the consent of Guarantor. Any attempted assignment in violation of this section shall be null and void.

9. <u>Governing Law; Service of Process</u>. THIS GUARANTY SHALL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF WEST VIRGINIA, WITHOUT REFERENCE TO ANY CHOICE OF LAW DOCTRINE.

10. <u>Submission to Jurisdiction</u>. EACH OF GUARANTOR AND BENEFICIARY, TO THE FULLEST EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL: (A) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF TENNESSEE WITH RESPECT TO ANY SUIT, ACTION, OR PROCEEDING BY ANY PERSON ARISING FROM, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT; (B) AGREES THAT ANY SUCH SUIT, ACTION, OR PROCEEDING MAY BE BROUGHT EXCLUSIVELY IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN WILSON COUNTY, TENNESSEE; AND (C) SUBMITS TO THE JURISDICTION OF SUCH COURTS. Each party hereby agrees that a final judgment in any such action, litigation or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Guarantor further waives any objection to venue in such state and any objection to an action or proceeding in such state on the basis of forum non conveniens.

11. <u>Cumulative Rights</u>. Each right, remedy and power hereby granted to Beneficiary or allowed it by applicable law or other agreement shall be cumulative and not exclusive of any other, and may be exercised by Beneficiary at any time or from time to time.

12. <u>Severability</u>. If any provision of this Guaranty is to any extent determined by final decision of a court of competent jurisdiction, the laws of any state or for any other reason to be unenforceable, the remainder of this Guaranty shall not be affected thereby, and each provision of this Guaranty shall be valid and enforceable to the fullest extent permitted by law.

13. <u>No Waiver</u>. No delay or omission on Beneficiary's part in exercising any rights hereunder shall operate as a waiver of such rights or any other rights, and no waiver of any right on one occasion shall result in a waiver of such right or any other rights on any future occasion, nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

14. <u>Entire Agreement; Amendments; Headings; Effectiveness</u>. This Guaranty, together with the Amended Underlying Agreement, constitutes the sole and entire agreement of the parties thereto with respect to the subject matter hereof and supersedes all previous agreements or understandings, oral or written, between such parties with respect to such subject matter. No amendment or waiver of any provision of this Guaranty shall be valid and binding unless it is in writing and signed, in the case of an amendment, by both Guarantor and Beneficiary, or in the case of a waiver, by the party against which the waiver is to be effective. Section headings are for convenience of reference only and shall not define, modify, expand or limit any of the terms of this Guaranty. Delivery of this Guaranty by facsimile or in electronic (i.e., "pdf") format shall be effective as delivery of a manually executed original of this Guaranty.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the day and year first above written,

GUARANTOR

*/s/ James C. Justice II*
JAMES C. JUSTICE II
208 DWYER LANE
LEWISBURG, WV 24901

WITH A COPY OF NOTICES TO: STEPHEN W. BALL, 302 S. JEFFERSON STREET, ROANOKE, VA 24011

STATE OF _West Virginia_ )
  ) ss.:
COUNTY OF _Raleigh_ )

On the _7th_ day of _February_ in the year 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared James C. Justice II, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.



*/s/ Cynthia L White*
Notary Public

OFFICIAL SEAL
Notary Public, State of West Virginia
CYNTHIA L WHITE
James C Justice Companies Inc
P.O. Box 2178
Beaver, WV 25813
My commission expires April 13, 2022

FOR PURPOSE OF PROVIDING THE WRITTEN NOTICE OF ADDRESS ONLY

LEXON INSURANCE COMPANY
ATTN:
ADDRESS:
ADDRESS:
with a copy to:

[Signature Page to Guaranty]

8

EXHIBIT A

BONDS IN FORCE – JUSTICE BONDS