# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LEXON INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:23-cv-00772 |
| JAMES C. JUSTICE II, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Two days before trial on issues unresolved on summary judgment, Defendant James C. Justice, II's ("Senator Justice") filed a Motion to Continue Trial. (Doc. No. 112). He seeks a second trial continuance to an unspecified later date that he will determine. (Id.). Plaintiff Lexon Insurance Company ("Lexon") opposes Senator Justice's request to continue trial, and, in the alternative, requests further summary judgment briefing to resolve the two remaining issues in this case. (Doc. No. 113). Senator Justice has replied. (Doc. No. 114). Although the Court is sympathetic to Senator Justice's health problems, for the reasons that follow, it will deny Senator Justice's Motion (Doc. No. 112) because he has failed to offer sufficient good cause for his request.

## I. BACKGROUND AND LEGAL STANDARD

On December 16, 2024, the parties filed a joint motion to continue trial less than a month from the original January 21, 2025 trial date due to the parties' agreement during mediation that a bench trial would be appropriate. (Doc. No. 72 at 2). Given this agreement, the parties asked for a bench trial date in August 2025 to accommodate Senator Justice's schedule. (Id.). In connection with this request, Senator Justice represented that he "agree[d] not to seek a continuance or adjournment of whatever trial date is set by the Court (whether that date is before, in, or after

August 2025) for *any reason*[.]" (Id. at 3 (emphasis added)). Based on these representations, the Court granted the parties' joint motion and reset this case for a bench trial on August 20, 2025. (See Doc. Nos. 78, 99). Now, less than 48 hours before trial is set to commence, Senator Justice has gone back on his promise and seeks yet another trial continuance without sufficient good cause. (Doc. No. 112).

II.     **LEGAL STANDARD**

Absent from Senator Justice's Motion (Doc. No. 112), but essential to considering it, are the legal standards and legal authority governing motions to continue trial. While Senator Justice does not specify what authority he relies upon to continue trial, the Court will apply Federal Rule of Civil Procedure 16(b)(4). Under Rule 16(b)(4), a party may move for a schedule to "be modified" but "only for good cause and with the judge's consent." This Court's "discretion to deny a continuance is particularly robust in civil cases[.]" Integrated Design Eng'g & Analysis Servs., Inc. v. Giddy Holdings, Inc., 2022 WL 874310, at *4 (6th Cir. Mar. 24, 2022). When evaluating whether a continuance is appropriate, the Court considers "the timing of the request, the need for a continuance, and the prejudice that would result." Id. (citing United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir. 1969)).

III.    **DISCUSSION**

In this case, Senator Justice has moved to continue tomorrow's trial because he has been "undergoing treatment for a heart condition over the last 10 days" and his cardiologist "strongly advises that [Senator Justice] not undergo the cardiovascular stress of attending the trial at this time." (Doc. No. 112 at 1). Lexon opposes Senator Justice's request, arguing: (1) his late-stage filing makes continuance inappropriate; (2) Lexon will suffer substantial prejudice if trial is continued; and (3) Senator Justice's presence is at trial is not essential. (Doc. No. 113).

2

The Court begins with the first consideration: timing. On this issue, Senator Justice does not dispute that his request to continue trial less than 48 hours before it is set to commence is far from showing the diligence required to satisfy Rule 16's good cause standard. See Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'") (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)). The Court shares Lexon's skepticism that Senator Justice was diligent in bringing such issues to the Court's and Lexon's attention, as required under Rule 16, if not as required by professional respect. (See Doc. No. 113 at 1).

To start, Senator Justice provides no explanation for why, merely six days ago on August 13, 2025, no issues were raised with the scheduled trial date, nor was there any mention of Senator Justice's possible unavailability. Equally concerning, Senator Justice's social media accounts and official website show him attending events during the ten-day period he has been undergoing treatment. See, e.g., Senator Justice Celebrates 100th Anniversary of West Virginia State Fair, Jim Justice, U.S. Senator for West Virginia, https://www.justice.senate.gov/press-releases/senator-justice-celebrates-100th-anniversary-of-west-virginia-state-fair/ (last visited Aug. 19, 2025) (attending West Virginia State Fair within the 10-day period of treatment); Senator Justice Speaks at West Virginia Coal Association, Jim Justice, U.S. Senator for West Virginia, https://www.justice.senate.gov/press-releases/senator-justice-speaks-at-west-virginia-coal-association/ (last visited Aug. 19, 2025). That Senator Justice has "cancelled events that were previously scheduled"—seeming to be a self-imposed measure, given the limited contends of the August 18, 2025 letter—does not change that Senator Justice has not diligently explained why he can attend those public events but not this trial. (Doc. No. 114 at 2).

3

To use Lexon's word, this background makes Senator Justice's request "disconcerting." Senator Justice's failure to notify the Court of his medical issues until less than 48 hours before trial suggests that he may be seeking a continuance as a "dilatory tactic." Davis v. United Fruit Co., 402 F.2d 328, 330 (2d Cir. 1968) (such delays "not only hobbles justice but causes the public to mistrust the entire judicial process). The timing of his Motion counsels against granting it. See Heller Fin., Inc. v. Pandhi, 1989 WL 136091, at *3 (6th Cir. Nov. 9, 1989) (per curiam) ("Where a trial date has been set for some time and a continuance is requested shortly before trial, the court may deny the continuance.").

The second consideration, the need for a continuance, counsels for the same result. On one hand, Senator Justice contends that he has suffered recent health complications, "a factor that could justify a continuance 'in those circumstances that seem persuasive to the trial judge.'" Prime Rate Premium Fin. Corp., Inc. v. Larson, 930 F.3d 759, 767 (6th Cir. 2019) (quoting 9 Wright & Miller § 2352, at 400–01). But Senator Justice's reliance on that condition here is unpersuasive. In support, he relies upon a "questionable doctor's letter" from Dr. Steven Schulman, an emeritus professor at Johns Hopkins Medicine and "*former* Director of the Coronary Care Unit" at Johns Hopkins Hospital. (Doc. No. 112-1 (emphasis added)). Setting aside Dr. Schulman's undisputed personal ties to Senator Justice and his family, it is notable that Dr. Schulman does not explain *when* he made the determination, or *why* he made the determination, that Senator Justice's condition warrants that he "not undergo the cardiovascular stress" of trial. (Id.); see also Steve Schulman, MD, Greenbrier Clinic, https://greenbrierclinic.com/clinic/providers/steve-schulman-md/ (last visited Aug. 19, 2025). Senator Justice's reply, while a noted attempt to interpret Dr. Schulman's letter, does not fill in those holes. (See Doc. No. 114). Nor does this demonstrate good cause for a continuance.

4

Senator Justice's purported need for a continuance is further undermined by other circumstances before the Court. First, Senator Justice's counsel has previously represented to Lexon that he does not intend to call Senator Justice as a witness, mitigating the need for his attendance. (Doc. No. 113 at 7). Second, it is curious that Senator Justice even wishes to attend trial, considering he requested he be excused from attendance back in December when the parties first moved to continue trial. Third, Senator Justice listed himself as a witness he "may call if the need arises," at best. (Doc. No. 91 at 2). At bottom, "[t]he unavoidable absence of a party, who may also be a witness, does not make it obligatory on the trial judge to grant a continuance or postponement on that ground." Skinner v. Lundy, 149 F. Supp. 57, 59 (W.D. Ky. 1957). Given the facts presented here, the need for continuance is minimal, and is far from good cause.

The third factor, prejudice from granting a continuance, undoubtedly calls for the same conclusion. Lexon is correct, and Senator Justice fails to contest, that any further continuance of trial would cause Lexon harm. As a general matter, this matter has been ongoing for more than two years over debts the Court has already concluded Senator Justice has owed Lexon for more than five years—and counting. (See Doc. No. 68). This alone suggests that forcing Lexon to wait until Senator Justice decides when trial can begin denies it justice. As all surely know, Lexon has been diligently working to prepare for trial over the recent weeks and its witnesses have traveled to Nashville to attend trial. In doing so, Lexon has surely incurred significant attorneys' fees and trial costs, and has had to ensure that its various witnesses could arrange their own schedules to attend trial. Despite this, Senator Justice proposes no mitigation measures so that the trial can proceed, or even a suggested new trial date. (Doc. Nos. 112, 114). This, along with his desire to unilaterally control when (or if) this trial takes place, speaks for itself. Under these circumstances, the prejudice suffered by Lexon dictates a continuance is not appropriate. See Prime Rate

5

Premium, 930 F.3d at 766 (upholding district court's determination that party would be prejudiced where litigation had been ongoing for four years and parties had already flown in witnesses).

IV.     CONCLUSION

For more than five years, Lexon has been awaiting payment from Senator Justice. The time to resolve the disputes surrounding those payments has come. Senator Justice's Motion (Doc. No. 112) is **DENIED**. This case will proceed to trial as scheduled tomorrow at 1:00 p.m. Central Standard Time in Nashville, Tennessee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE