IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXON INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>    -against-<br><br>JAMES C. JUSTICE II,<br><br>         Defendant. | Civil Action No. 3:23-cv-00772<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

### PLAINTIFF LEXON INSURANCE COMPANY'S
### UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rules 5.03 and 7.01 and Administrative Order No. 167 § 5.07, Plaintiff Lexon Insurance Company ("Lexon") respectfully moves the Court for leave to file under seal (1) billing entry narratives containing information protected by the attorney-client privilege or work product doctrine; and (2) information related to the rates charged by Lexon's counsel and discounts provided to Lexon.

As discussed in Lexon's accompanying Memorandum of Law, controlling law permits parties to seal documents when they show a compelling reason to justify non-disclosure. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016). Courts within the Sixth Circuit have found that privileged narratives and confidential billing rates both constitute compelling reasons to justify non-disclosure. *See Carpenters Pension Tr. Fund - Detroit & Vicinity v. Brunt Assocs., Inc.*, 2020 WL 12443168, at *1 (E.D. Mich. Oct. 23, 2020) (permitting a party to file attorney invoices under seal that "contain sensitive communications" and "include narrative descriptions of legal strategy and work"); *see also United States ex rel. Scott v. Humana, Inc.*, 2025 WL 1312696, at *5 (W.D. Ky. May 5, 2025) (finding that a party "demonstrated a compelling

interest in sealing information related to the fees it paid its counsel" because the fees were "competitively sensitive information" that would cause a "competitive disadvantage" to both the law firm and the client "if those figures were made public").

In accordance with Local Rule 7.01(a)(1), Lexon states that it has conferred with Defendant's counsel concerning this Motion. Defendant's counsel does not oppose this Motion or the relief requested herein.

Dated: October 14, 2025

/s/ W. Brantley Phillips, Jr.
W. Brantley Phillips, Jr.
Garrah Carter-Mason
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200
bphillips@bassberry.com
garrah.cartermason@bassberry.com

Jason Halper
Sara Brauerman
Timbre Shriver
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, New York 10036
(212) 237-0000
jhalper@velaw.com
sbrauerman@velaw.com
tshriver@velaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that, on October 14, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

                */s/ W. Brantley Phillips, Jr.*