IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXON INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   -against-<br><br>JAMES C. JUSTICE II,<br><br>        Defendant. | Civil Action No. 3:23-cv-00772<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rules 5.03 and 7.01 and Administrative Order No. 167 § 5.07, Plaintiff Lexon Insurance Company ("Lexon") submits this Memorandum of Law in Support of Lexon's Unopposed Motion for Leave to File Documents Under Seal.

Lexon is seeking its attorneys' fees and other expenses incurred in connection with this litigation.[1] *See* Lexon's Motion for Attorneys' Fees and Other Expenses ("Fee Petition"). In support of that motion, Lexon is filing its counsel's invoices from the inception of this matter through trial, which contain: (1) billing entry narratives with information protected by the attorney-client privilege or work product doctrine; and (2) information related to Lexon's counsel's rates and discounts provided to Lexon. The privileged narratives should be redacted to maintain attorney-client privilege, and Lexon's counsel's billing rates and discounts should be redacted because that information is non-public and competitively sensitive. Accordingly, Lexon requests

---

[1] A detailed background is included in Lexon's Fee Petition and the supporting Declaration of Jason Halper. This Memorandum contains brief background in the introduction for brevity's sake and does not include a standalone background section.

that it be permitted to redact that information from its invoices and briefing and file them under seal.

## LEGAL STANDARD

Courts within the Sixth Circuit allow parties to seal documents when they show: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's right of access; and (3) that the proposed seal is narrowly tailored by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *See United States ex rel. Scott v. Humana, Inc.*, 2025 WL 1312696, at *1 (W.D. Ky. May 5, 2025) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016)); *see also* Local Rule 5.03 (explaining same standard).

Compelling reasons to justify non-disclosure of court records can include trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), information required by statute to be maintained in confidence, and competitively sensitive information that would cause a competitive disadvantage. *Doe v. Lee*, 599 F. Supp. 3d 701, 705 (M.D. Tenn. 2022) (quoting *Rudd*, 834 F.3d at 594-95); *see also Scott*, 2025 WL 1312696, at *5.

## ARGUMENT & AUTHORITY

### I. Lexon's Billing Narratives Containing Information Subject to Attorney-Client Privilege or the Work Product Doctrine Should be Exempt from Disclosure.

Lexon has a compelling interest in maintaining the attorney-client privilege with its counsel. The Sixth Circuit has consistently held that court documents containing attorney-client privilege and/or attorney work-product information can be sealed and exempt from public disclosure. *Lee*, 599 F. Supp. 3d at 705 (noting that attorney-client privilege is a compelling reason to justify sealing court records); *see also Stout v. Leadec Indus. Servs.*, 2022 WL 2532458, at *3

(W.D. Ky. July 7, 2022) (finding that preserving the confidentiality of privileged communications between a party and its counsel constitutes a compelling reason for sealing).

Courts in the Sixth Circuit have permitted parties to file attorney invoices under seal when the invoices "contain sensitive communications" and "include narrative descriptions of legal strategy and legal work." *Carpenters Pension Tr. Fund - Detroit & Vicinity v. Brunt Assocs., Inc.*, 2020 WL 12443168, at *1 (E.D. Mich. Oct. 23, 2020); *see also, e.g., Scott*, 2025 WL 1312696, at *4 (permitting relator to file redacted versions of billing records, redacting material protected by attorney-client privilege and the work-product doctrine); *Stout*, 2022 WL 2532458, at *3-4 (redactions to billing records were narrowly tailored to prevent disclosure of privileged information); *see generally Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (recognizing that information covered by the attorney-client privilege "is typically enough to overcome the presumption of access").

Here, the public has no genuine interest in the privileged billing narratives that are included in Lexon's legal invoices relating to this case. This is a private dispute, and the limited nature of sealing privileged entries outweighs the public's interest in full disclosure. *Carpenters*, 2020 WL 12443168, at *1 (concluding the balance between the public's interest in full disclosure and the sealing proponent's interest in keeping his legal invoices private weighs in favor of sealing). But, even if the redactions did impede the public's interest in some small way, Lexon's interest in maintaining its attorney-client privilege and work product protection "outweigh the public's right of access." *Scott*, 2025 WL 1312696, at *5.

Moreover, Lexon's request to redact privileged information from billing narratives is narrowly tailored. Lexon only seeks to redact *portions* of narratives that are privileged. Lexon's

counsel's non-privileged billing narratives and non-privileged portions of privileged narratives will be fully accessible to the public.

## II. Lexon's Counsel Billing Rates and Discounts and Competitively Sensitive Information that Should be Protected from Disclosure.

The hourly rates Lexon's counsel charged in this case and discounts provided to Lexon are non-public, competitively sensitive information. It is well established that competitive and confidential information, like trade secrets, can be sealed. *See Lee*, 599 F. Supp. 3d at 705. And recently, a court within the Sixth Circuit held that information related to billing rates is "competitively sensitive" and therefore a compelling interest exists to keep that information private. *See Scott*, 2025 WL 1312696, at *5.

In *Scott*, Humana moved to file under seal and redact references in the briefing and exhibits that revealed information related to the fees Humana incurred in prosecuting the case, arguing that that information is "proprietary and confidential," and that disclosure of the same "poses substantial financial and competitive harm for both the Company and its law firm." *Id*. As support, Humana submitted declarations from its associate general counsel and O'Melveny stating (1) O'Melveny did not charge their standard rates for the litigation; (2) the fee arrangement between Humana and O'Melveny is unique as compared to fee arrangements with other firms; and (3) disclosure of O'Melveny's fee arrangement and rates would competitively disadvantage the law firm moving forward. *Id*. The court found that Humana "demonstrated a compelling interest in sealing information related to the fees it paid its counsel" concluding it was "competitively sensitive information" that would cause a "competitive disadvantage" to both O'Melveny and Humana "if those figures were made public."[2] *Id*.

---

[2] Other jurisdictions, like the Ninth Circuit, have granted several similar requests to seal where the negotiated billing rates are "competitively sensitive and not publicly known." *See e.g. Clark v.*

Similarly, there is a compelling interest in sealing Lexon's counsel's billing rates and discounts provided to Lexon. As explained in Mr. Halper's Declaration in Support of Lexon's Unopposed Motion for Leave to File Documents Under Seal, Lexon's counsel did not charge Lexon its standard rates for litigating this matter. *See* Halper Decl. ¶¶ 5–6.[3] The fee arrangement between Lexon and its counsel is unique and does not reflect the rates Lexon's counsel usually charges. *See id.*. The disclosure of these discounts would likely cause other clients to seek to renegotiate their rates with the firms, which would competitively disadvantage the firms for future business relations. *See Scott*, 2025 WL 1312696, at *5; *see also* Halper Decl. ¶¶ 7–9.

Lexon's interest in sealing its billing rates and discounts outweighs the public's right of access. Again, this is a private lawsuit between private parties. Moreover, this information is unknown to the public. There is no clear benefit to the public's access to that confidential information.

Finally, Lexon's proposed seal is narrowly tailored. Lexon only proposes redacting its counsel's billing rates and any discounts provided to Lexon from its invoices and briefing. Through its Fee Petition, and Mr. Halper's and Mr. Phillips' Declarations in Support of Lexon's Fee Petition, Lexon is publicly providing its counsel's total number of hours billed, . *See* Halper Decl. ¶¶ 14–15, 33; Phillips Decl. ¶¶ 6–8. Moreover, Lexon is only seeking to redact the billing

---

*InComm Fin. Servs., Inc.*, 2024 WL 4744041, at *3 (C.D. Cal. Sept. 13, 2024) (compiling cases); *see also, e.g., Mine O'Mine, Inc. v. Calmese*, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012) (granting motion to seal where plaintiff's counsel's hourly billing rates were competitively sensitive and not generally available to the public), *aff'd,* 489 F. App'x 175 (9th Cir. 2012); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (finding Plaintiff's request to seal rates for individual attorneys and information that could be used to derive an individual attorney's rate" was narrowly tailored, where plaintiffs did not seek "to seal the amounts aggregated across all contract attorneys, staff attorneys, and the contract paralegal").

[3] Bass Berry & Sims PLC likewise charged Lexon non-standard rates for its work in this case. *See* Declaration of W. Brantley Phillips, Jr. ¶ 8.

rate and discount information from the public version of the filing; but that information will be available to opposing counsel. And, as stated in the Motion, Defendant does not oppose Lexon's requested relief. *Cf. State Farm Mut. Auto. Ins. Co. v. Angelo*, No. 19-10669, 2024 WL 83286, at *2 (E.D. Mich. Jan. 8, 2024) (refusing to allow a party to seal billing information in part because the opposing party needed to be able to accurately assess whether the sealing proponent's fee demand is reasonable).

## CONCLUSION

For the reasons stated herein, Lexon respectfully requests the Court to grant its Unopposed Motion for Leave to File Documents Under Seal.

Dated: October 14, 2025.

> */s/ W. Brantley Phillips, Jr.*
> W. Brantley Phillips, Jr.
> Garrah Carter-Mason
> **BASS, BERRY & SIMS PLC**
> 21 Platform Way South, Suite 3500
> Nashville, TN 37203
> (615) 742-6200
> bphillips@bassberry.com
> garrah.cartermason@bassberry.com
>
> Jason Halper
> Sara Brauerman
> Timbre Shriver
> **VINSON & ELKINS LLP**
> 1114 Avenue of the Americas
> New York, New York 10036
> (212) 237-0000
> jhalper@velaw.com
> sbrauerman@velaw.com
> tshriver@velaw.com
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 14, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

<u>/s/ W. Brantley Phillips, Jr.</u>