IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXON INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  -against-<br><br>JAMES C. JUSTICE II,<br><br>        Defendant. | Civil Action No. 3:23-cv-00772<br><br>Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

**DECLARATION OF JASON HALPER IN SUPPORT OF PLAINTIFF LEXON INSURANCE COMPANY'S UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

In accordance with 28 U.S.C. § 1746, I, Jason Halper, declare and state as follows:

  1.  I am a litigation partner at the law firm of Vinson & Elkins LLP ("V&E"), where I have practiced law since 2024. My business address is 1114 Avenue of the Americas, 32nd Floor, New York, New York 10036. I have been continuously engaged in the practice of law in the State of New York, and various other jurisdictions, for approximately 33 years.

  2.  I submit this Declaration in support of Plaintiff Lexon's (hereafter "Lexon" or the "Company") Motion for Leave to File Documents Under Seal.

  3.  As indicated in my Declaration accompanying Lexon's Motion for Attorneys' Fees and Other Expenses (hereafter the "Fee Petition"), I have represented Lexon in the above-captioned case since the action was commenced. At the time, I was practicing at Cadwalader, Wickersham & Taft LLP (hereafter "Cadwalader"), where I was Co-Chair of Global Litigation Group and Head of the Corporate & Financial Services Litigation Practice. In connection with my roles at Cadwalader and V&E, I have assessed, approved, and set rates for attorneys. I have also

reviewed, analyzed, and approved the supporting material filed in connection with the Fee Petition. I therefore have the knowledge and experience necessary to competently testify to the information included in this Declaration.

4. Lexon's Fee Petition and accompanying attachments contain privileged, non-public, and competitively sensitive information regarding the billing rates and discounts reflected in Lexon's counsel's invoices from the inception of this matter through trial. These hourly rates were charged by Cadwalader and V&E timekeepers to Lexon (the "Lexon-Specific Rates") for legal work conducted during this litigation and the total amount of fees paid for work completed by those timekeepers (the "Lexon Fees").

5. The Lexon-Specific Rates do not reflect hourly "standard" rates, which are typically updated by law firms on an annual basis and based on a timekeeper's years of experience and other market-based considerations such as expertise and practice area. Rather, in some circumstances, as is the case here, Cadwalader and V&E negotiate non-standard fee arrangements in which certain discounts are applied to timekeeper rates or to the total amount of fees charged. The amount of a given discount and the frequency at which the discount is applied may fluctuate based upon a variety of factors, such as the type, volume, and duration of legal services provided. These bespoke fee arrangements may apply to a particular matter or they may apply to a combination of matters that Cadwalader and V&E handle for a given client.

6. The Lexon-Specific Rates are the result of negotiations between Lexon and its counsel that have resulted in a non-standard fee arrangement that does not reflect the rates that either Cadwalader or V&E typically charge. This bespoke fee arrangement is confidential and is not disclosed in the ordinary course of business.

2

Case 3:23-cv-00772   Document 131   Filed 10/14/25   Page 2 of 5 PageID #: 3408

7. Cadwalader and V&E could face competitive harm in the event that these Lexon-Specific Rates are disclosed.

8. Disclosure of the Lexon-Specific Rates may result in clients seeking to renegotiate their rate agreements with Cadwalader or V&E. The Lexon Fees are reflective of a fee arrangement that has changed over time and involves multiple law firms. Thus, the information in the Fee Petition about the billing rates charged and discounts provided to Lexon lacks relevant context about how Cadwalader and V&E arrived at these rates. However, because Cadwalader and V&E do not typically disclose information regarding any of its clients' fee arrangements to other actual or potential clients in order to protect client confidences, neither firm would be able to discuss critical missing context to the Lexon-Specific Rates during a potential renegotiation of rates with other clients. This would result in both firms being competitively disadvantaged in future fee negotiations and could also result in financial harm to either firm if the Lexon-Specific Rates were publicly revealed.

9. Competitors of Cadwalader and V&E would have the opportunity to leverage the public disclosure of the Lexon-Specific Rates when competing with either firm to secure representation of new and existing clients. Both firms regularly compete with other law firms, including other large national law firms, for business. Competitors could undercut either Cadwalader and V&E by offering to artificially reduce rates that are lower than the Lexon-Specific Rates, resulting in a competitive disadvantage.

10. I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Executed this 14th day of October 2025.

> */s/ Jason Halper*
> Jason Halper

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 14, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

*/s/ W. Brantley Phillips, Jr.*
