IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

LEXON INSURANCE COMPANY,

                 Plaintiff,

-against-

JAMES C. JUSTICE II,

                 Defendant.

Civil Action No. 3:23-cv-00772

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Barbara D. Holmes

**PLAINTIFF LEXON INSURANCE COMPANY'S
MOTION FOR SUBSTITUTION OF EXHIBIT
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiff Lexon Insurance Company ("Lexon") hereby moves the Court for leave to substitute a redacted copy of an exhibit Lexon inadvertently submitted in unredacted form in support of its Motion for Attorneys' Fees and Other Expenses (ECF 126). As support for this Motion, Lexon would show as follows:

1. On October 14, 2025, Lexon filed its post-trial Motion for Attorneys' Fees and Other Expenses pursuant to Local Rule 54.01 (the Motion"). (ECF 126). At the same time, Lexon filed a Memorandum of Law in support of the Motion. (ECF 127).

2. On October 14, 2025, Lexon also filed its Unopposed Motion for Leave to File Under Seal ("Unopposed Motion to Seal") (ECF 129). The Unopposed Motion to Seal asks the Court to allow Lexon to redact certain information specific to Lexon's counsel's rates and fee arrangement with Lexon during this litigation from the publicly available copies of the Motion and Memorandum of Law due to the confidential and competitively sensitive nature of said information. Consistent with that request, and pursuant to this Court's established procedures for filing documents under seal, the as-filed copies of both the Motion and the Memorandum of Law

included redactions of said information. Separate from the Court's ECF system, Lexon served Defendant's counsel with unredacted copies of both the Motion and Memorandum of Law on October 14, 2025.

3. Immediately following the filing of the Memorandum of Law, Lexon discovered that one exhibit attached to the Memorandum of Law—specifically, the Affidavit of Jeremey Sentman ("Sentman Affidavit") (ECF 127-1)—did not include the redactions intended for that exhibit, and that the exhibit had inadvertently and mistakenly been filed in unredacted form. As a result, and contrary to Lexon's intention and desire, certain information regarding the attorneys' fees that Lexon has incurred in this case and that Lexon seeks to keep confidential is currently available to the public.

4. Pending the Court's decision on Lexon's Unopposed Motion to Seal, it is both necessary and appropriate to allow Lexon to substitute a redacted copy of the Sentman Affidavit for the unredacted copy of the Sentman Affidavit. In the absence of such relief, information that Lexon seeks to keep confidential will remain in the public record for anyone to see, which, in turn, will have a negative impact on counsel's legitimate privacy interests. Likewise, should the Court grant Lexon's Unopposed Motion to Seal, as Lexon is hopeful the Court will do, the fact that this confidential information is now public will negatively impact the ultimate effectiveness of this Court's order. Lexon submits that either impact can and should be avoided.

5. The requested relief will not prejudice Defendant in any way. Indeed, as the Unopposed Motion to Seal makes clear, Defendant has consented to the requested relief.

6. Lexon also submits that the requested substitution will not have any material adverse impact on the public interest. This is private commercial dispute between private parties. The public is not implicated in any way. Moreover, courts in the Sixth Circuit have repeatedly

-2-
Case 3:23-cv-00772     Document 136     Filed 10/15/25     Page 2 of 4 PageID #: 3934

affirmed the appropriateness of maintaining the confidentiality of information relating to legal fees and expenses in these circumstances. *See United States ex rel. Scott v. Humana, Inc.*, 2025 WL 1312696, at *5 (W.D. Ky. May 5, 2025) (finding that information related to billing rates is "competitively sensitive" and, therefore, deserving of confidentiality) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016)).

**WHEREFORE**, premises considered, Lexon respectfully requests permission to substitute the copy of ECF 127-1 currently on file with the Court with a redacted copy of the same. A copy of the redacted version of ECF 127-1 is attached hereto as ***Exhibit 1***.

Dated: October 15, 2025

*/s/ W. Brantley Phillips, Jr.*
W. Brantley Phillips, Jr.
Garrah Carter-Mason
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200
bphillips@bassberry.com
garrah.cartermason@bassberry.com

Jason Halper
Sara Brauerman
Timbre Shriver
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, New York 10036
(212) 237-0000
jhalper@velaw.com
sbrauerman@velaw.com
tshriver@velaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on October 15, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

*/s/ W. Brantley Phillips, Jr.*
