## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

LEXON INSURANCE COMPANY,

Plaintiff,

-against-

JAMES C. JUSTICE II,

Defendant.

Civil Action No. 3:23-cv-0772

Chief Judge Waverly D. Crenshaw
Magistrate Judge Barbara D. Holmes

### DEFENDANT'S OBJECTIONS TO PLAINTIFF LEXON INSURANCE COMPANY'S MOTION FOR ATTORNEY FEES AND OTHER EXPENSES

Defendant James C. Justice II, by counsel, pursuant to Local Rule 54.01(c), respectfully objects to Plaintiff Lexon Insurance Company's Motion for Attorneys' Fees and Other Expenses (ECF 126 and 134) on grounds including the following:

1.      Section 1 of the Amended and Restated Limited Commercial Guaranty (the "Limited Guaranty"), rather than Section 2, governs Lexon's recovery of attorney fees and expenses.

2.      Regardless of which section of the Limited Guaranty applies, Lexon can only recover *reasonable* attorney fees and expenses.

3.      The amount of attorney fees that Lexon seeks is unreasonable, excessive, unwarranted, and unjust because (a) the hourly rates grossly exceed the customary local market rate for Nashville, Tennessee; and (b) Lexon seeks recovery for excessive, redundant, and unnecessary attorney time.

4.      The costs and expenses that Lexon seeks are also excessive.

5.      Lexon cannot recover attorney fees and expenses that would exceed the contractual limit on Defendant's exposure under the Limited Guaranty.

6.      Lexon seeks excessive rates of pre- and post-judgment interest.

WHEREFORE, Defendant respectfully requests that the Court deny Lexon's motion for attorney fees and expenses as written; reduce the requested hourly rates to the customary local rate for Nashville; reduce the requested number of hours to account for excessive, redundant, or otherwise unnecessary attorney time; reduce the requested costs and expenses to account for excessive amounts; and calculate any interest based on Treasury yields as provided by law.  In accordance with Local Rule 54.01(c), the bases for Defendant's objections are set forth more fully in Defendant's accompanying memorandum, which Defendant incorporates herein.

Respectfully submitted,

JAMES C. JUSTICE II,

By Counsel:

/s/ Peter C. Robison
Peter C. Robison (No. 27498)
LEWIS THOMASON, P.C.
427 Church Street, Suite 2500
Nashville, TN 37219
(615) 259-1366
probison@lewisthomason.com

/s/ David R. Pogue
David R. Pogue (admitted *pro hac vice*)
Raymond S. Franks II (admitted *pro hac vice*)
CAREY DOUGLAS KESSLER & RUBY PLLC
901 Chase Tower, 707 Virginia Street, East
P.O. Box 913
Charleston, WV 25323
Telephone:     (304) 345-1234
Facsimile:      (304) 342-1105

2

drpogue@cdkrlaw.com
rfranks@cdkrlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 28, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record listed below:

Jason M. Halper (*admitted pro hac vice*)
Sara E. Brauerman (*admitted pro hac vice*)
Timbre Shriver (*admitted pro hac vice*)
VINSON & ELKINS LLP
The Grace Building
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Phone: 212-237-0000
Email: jhalper@velaw.com
        sbrauerman@velaw.com
        tshriver@velaw.com

W. Brantley Phillips, Jr. (BPR# 018844)
Garrah Carter-Mason (BPR# 037518)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6200
Fax: (615) 742-6293
bphillips@bassberry.com
garrah.cartermason@bassberry.com

*/s/ Peter C. Robison*
Peter C. Robison

4