IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXON INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>-against-<br><br>JAMES C. JUSTICE II,<br><br>       Defendant. | Civil Action No. 3:23-cv-00772<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Barbara D. Holmes |

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS BILL OF COSTS**

  Defendant's Objections to Lexon's Bill of Costs, ECF 139, dispute a single line item in Lexon's Bill of Costs, ECF 128. Under 28 U.S.C. § 1821, imposing daily limits on recovery of witness fees, Lexon is entitled to $1,606.32 in witness fees, a downward adjustment from Lexon's initial request of $4,013.60. Lexon respectfully requests an award of the remaining $2,407.28, as well as any other amounts not awarded under its Bill of Costs, as part of Lexon's non-taxable costs and expenses. *See* ECF 127; ECF 127-5.

  1.  Defendant challenges Lexon's computation of its witness fees pursuant to 28 U.S.C. § 1821, asserting that Lexon is limited to $868 in witness fees based on a maximum daily allowance of $217. ECF 139 at 1. Defendant's challenge is based on a calculation that is incorrect for two reasons. *See* 28 U.S.C. § 1821(d)(2).[1]

  2.  First, Defendant asserts that Lexon can only recover two days' worth of subsistence fees for each of its witnesses. However, witness subsistence fees are not "restricted to the days the

---

[1] *See also FY 2025 per diem rates for Nashville, Tennessee*, U.S. GEN. SERVS. ADMIN., https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-results?action=perdiems_report&fiscal_year=2025&state=TN&city=Nashville&zip= (last visited Nov. 3, 2025).

witness actually testifies." *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 771 (6th Cir. 1999) ("Allowances for witnesses are not restricted to the days the witness actually testifies, but may also be awarded for each day the witness necessarily attends trial, . . . and the time necessary for travel to and from the place of attendance."). Both Messrs. Sentman and Beggs traveled from out-of-state to testify at trial. It is reasonable for Lexon to recover subsistence fees for the day both witnesses testified at trial, and for the two days both witnesses spent traveling to and from trial. *See id.* at 771–72 (awarding costs incurred 6 days before trial and 3 days after trial, where corporate employees were traveling from India). Accordingly, Lexon respectfully requests that the Court award $1,302 in subsistence fees for Messrs. Sentman and Beggs.

3. Second, while Defendant does not dispute that Lexon is entitled to recover Mr. Beggs' parking fees, he ignores parking fees totaling $304.32. *See* 28 U.S.C. § 1821(c)(3) ("Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses."). Lexon is therefore entitled to $1,606.32 ($1,302 + $304.32) in witness fees.

4. Defendant does not challenge the $46,227.80 of taxable costs in Lexon's Bill of Costs. ECF 128. Accordingly, Lexon requests that the Court award Lexon a total of $47,834.12 ($46,227.80 + $1,606.32) in taxable costs. However, to the extent that the Court finds that further reductions in Lexon's Bill of Costs are warranted, Lexon respectfully requests that such costs be awarded to Lexon as non-taxable expenses.

| | |
|---|---|
| Date: November 4, 2025 | */s/ W. Brantley Phillips, Jr.* |
| | W. Brantley Phillips, Jr. |
| | Garrah Carter-Mason |
| | **BASS, BERRY & SIMS PLC** |
| | 21 Platform Way |
| | Suite 3500 |
| | Nashville, TN 37203 |
| | (615) 742-6200 |
| | bphillips@bassberry.com |
| | garrah.cartermason@bassberry.com |
| | |
| | Jason M. Halper |
| | Sara E. Brauerman |
| | Timbre Shriver |
| | **VINSON & ELKINS LLP** |
| | 1114 Avenue of the Americas |
| | 32nd Floor |
| | New York, NY 10036 |
| | (212) 237-0000 |
| | jhalper@velaw.com |
| | sbrauerman@velaw.com |
| | tshriver@velaw.com |
| | |
| | *Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 4, 2025, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.

<em>/s/ W. Brantley Phillips, Jr.</em>