IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **LEXON INSURANCE COMPANY** ) | |
| ) | **Case No. 3:23-cv-00772** |
| v. ) | **Judge Crenshaw** |
| ) | **Magistrate Judge Holmes** |
| **JAMES C. JUSTICE, II** ) | |

# O R D E R

Pending before the Court is Plaintiff Lexon Insurance Company's "Motion for Attorneys' Fees, Costs and Expenses" (Docket No. 126), which was referred to the undersigned for disposition (Docket No. 135). However, on November 28, 2025, Defendant James C. Justice, II filed a Notice of Appeal. (Docket No. 147.) Because the case is on appeal to the Sixth Circuit Court of Appeals, Case No. 25-6096, the following action is taken on the pending motions, all of which are related to Plaintiff's request for fees:

1. Plaintiff's motion for attorney's fees (Docket No. 126) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's motion for leave to file document under seal (Docket No. 129) is **DENIED WITHOUT PREJUDICE**. The Court is skeptical of Plaintiff's arguments that sealing of the subject filings is justified. The Sixth Circuit rejected similar kinds of arguments made by the plaintiff in *Rudd Equipment Company, Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016). Should the motion to seal be refiled, Plaintiff would be well served to address how the records and information it seeks to seal in this case are distinguishable from the customer and operational records in *Rudd Equipment* about which the Sixth Circuit determined a restriction on public access was not warranted. Nevertheless, the Court makes no determination at this time of the merits of Plaintiff's motion for leave to file documents under seal.

To allow for a refiling of the motion to seal and determination on the merits, the filings found at Docket Nos. 132, 133, 134 are hereby **STRICKEN WITHOUT PREJUDICE** to refiling in connection with any refiled motion to seal.

3. Plaintiff's sealed motion for attorney's fees (Docket No. 134) is **DENIED WITHOUT PREJUDICE**. For the same reasons articulated above, the Court is similarly skeptical of this motion to seal. To allow for a refiling of the motion to seal and determination on the merits, the filing found at Docket No. 134 is hereby **STRICKEN WITHOUT PREJUDICE** to refiling in connection with any refiled motion to seal.

4. Plaintiff's motion for substitution of exhibit (Docket No. 136) is **DENIED WITHOUT PREJUDICE**.

5. Defendant's motion for leave to file document under seal (Docket No. 140) is **DENIED WITHOUT PREJUDICE**. For the same reasons articulated above, the Court is similarly skeptical of this motion to seal. To allow for a refiling of the motion to seal and determination on the merits, the filing found at Docket No. 141 is hereby **STRICKEN WITHOUT PREJUDICE** to refiling in connection with any refiled motion to seal.

6. Upon resolution of the appeal, the parties may refile motions related to attorney's fees and costs, including motions to seal in compliance with Local Rule 5.03, as appropriate.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge