LEXON INSURANCE COMPANY,

                    Plaintiff,

        -against-

JAMES C. JUSTICE II,

                    Defendant.

Civil Action No. 3:23-cv-00772

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Barbara D. Holmes

## PLAINTIFF LEXON INSURANCE COMPANY'S MOTION TO REOPEN

Plaintiff Lexon Insurance Company ("Lexon") respectfully moves to reopen this case for post-judgment enforcement proceedings.

## I. INTRODUCTION

On October 30, 2025, this Court entered its Findings of Fact and Conclusions of Law, awarding Lexon $25,179,709.24 in principal damages, plus $3,887,333.19 in prejudgment interest, and post-judgment interest at 3.57% per annum. *See* ECF 142.  In that ruling, the Court retained jurisdiction "to ensure that its judgment is properly complied with." *Id.* at 45.

On November 28, 2025, Defendant James C. Justice II filed his notice of appeal.  *See* ECF 147.  At no time before or after filing his notice of appeal has Defendant requested a stay of Lexon's execution on the judgement pending appeal or posted a supersedeas bond.  In the absence of a stay of execution on the judgment secured by a supersedeas bond, Lexon should be allowed to pursue enforcement of the judgment, including any enforcement-related discovery.

On April 7, 2026, the Court entered an Order staying this action and directing the Clerk to administratively close the file, while providing that "[e]ither party may request that the case be reopened upon receipt of the Sixth Circuit's mandate."  ECF 151.

Lexon now respectfully requests that the Court reopen this matter to permit enforcement of its judgment.

## II. ARGUMENT

This Court has jurisdiction to reopen this matter for post-judgment enforcement proceedings, and Lexon is entitled to pursue enforcement proceedings given Defendant's failure to post a supersedeas bond.

First, this Court expressly retained jurisdiction for post-judgment enforcement. *See* ECF 142 at 45 ("This Court retains jurisdiction to ensure that its judgment is properly complied with."); *see also* Fed. R. Civ. P. 69(a)(2) (permitting judgment creditors to obtain discovery "[i]n aid of the judgment or execution"); *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (recognizing federal courts' "inherent power to enforce [their] judgments").

Second, Defendant's failure to post a supersedeas bond means the judgment remains fully enforceable pending appeal. Under Federal Rule of Civil Procedure 62(b)"a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). While district courts retain discretion to waive the security requirement, district courts across the Sixth Circuit have held that "a full supersedeas bond should almost always be required and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743, at *2 (N.D. Ohio Dec. 10, 2007) (compiling cases) (cleaned up); *see also Miller v. Hurst*, 2021 WL 2717403, at *1 (M.D. Tenn. July 1, 2021) ("District courts within the Sixth Circuit have almost uniformly concluded that, in light of Rule 62(b)'s dual protective role, a full supersedeas bond should almost always be required.") (cleaned up).

Defendant has not posted a supersedeas bond, obtained any court-ordered stay of the judgment, or demonstrated any extraordinary circumstances that warrant waiving the security

requirement.  This Court's April 7, 2026 Order stayed the underlying action pending appeal but did not stay enforcement of the judgment.  Accordingly, Lexon is entitled to pursue enforcement proceedings, including post-judgment discovery and collection efforts.

## III.    CONCLUSION

For the foregoing reasons, Lexon respectfully requests that this Court reopen this matter to allow Lexon to proceed with enforcement of the judgment pending Defendant's appeal.


Dated:  April 20, 2026

/s/ W. Brantley Phillips, Jr.
W. Brantley Phillips, Jr.
Garrah Carter-Mason
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615)742-6200
bphillips@bassberry.com
garrah.cartermason@bassberry.com

Jason Halper
Sara Brauerman
Timbre Shriver
**VINSON & ELKINS LLP**
1114 Avenue of the Americas
New York, New York 10036
212.237.0000
jhalper@velaw.com
sbrauerman@velaw.com
tshriver@velaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 20, 2026, the foregoing document was filed via the Court's ECF system, which will send a notice of electronic filing to all ECF-registered counsel of record.


*/s/ W. Brantley Phillips, Jr.*
W. Brantley Phillips, Jr.